IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **CRIMINAL NO. 24-050** |
| HERNANDO CORTEZ MANUEL ROSA | : | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Hernando Cortez Manuel Rosa, a convicted felon, has repeatedly ignored the law and possessed firearms when he is prohibited from doing so. Not only did he possess firearms unlawfully, but the defendant also participated in a firearm theft ring from a major global shipping company. The defendant was under court supervision at the time of his crimes for unlawful firearm possession. He has shown time and again that he has no regard for the law. For these reasons, as well as for the reasons provided below, the government recommends a sentence of incarceration within the advisory guideline range.

A sentencing court follows a two-step process, first calculating the range under the Sentencing Guidelines, and then considering that range along with all pertinent 18 U.S.C. § 3553(a) factors in determining the appropriate sentence. *See* USSG § 1B1.1 (Nov. 1, 2025).[1]

At the second step of the sentencing process, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the

---

[1] Courts previously followed a three-step process, in which the court first calculated the guideline range, then next ruled on motions for departure, before considering the 3553(a) factors. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). In an extensive amendment to the Guidelines effective November 1, 2025, the Sentencing Commission eliminated the departure provisions in the manual and dictated the two-step process described above.

§ 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted). *See also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority."); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing.").

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors.

I.      **BACKGROUND**

On November 21, 2025, the defendant pled guilty to four counts of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j), and aiding and abetting, in violation of 18 U.S.C. § 2 (Counts One, Two, Five and Six), and possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Seven). During his plea colloquy, the defendant admitted that he possessed the stolen firearms as listed in the Indictment and unlawfully possessed a firearm on May 12, 2023, after sustaining at least one felony conviction for a firearms offense.

Defendants Hernando Cortez Manuel Rosa, Kyon Kyree Laws, and Nasir Quan Christburgh all participated in a theft ring where they collectively stole and possessed firearms shipped by Federal Firearm Licensees (FFL) through a FedEx facility located in Tinicum Township, Delaware County. Rosa's codefendants, Christburg and Laws, were FedEx employees and worked as package handlers at the FedEx facility in Tinicum Township, Pennsylvania. The

firearms listed in the Indictment were shipped through FedEx by FFLs and traveled in interstate commerce.

On October 30, 2022, Laws while working as a FedEx package handler, stole a package at FedEx containing a semi-automatic Tokarev shotgun originating from an FFL in Texas. Laws notified the defendant about the stolen shotgun. The defendant then traveled to the FedEx facility and picked up the shotgun from Laws.

On December 10, 2022, Laws stole a package at FedEx containing a Savage .223 caliber rifle originating from an FFL in Louisiana. Laws notified the defendant about the stolen rifle. The defendant then traveled to the FedEx facility and picked up the rifle from Laws.

On May 11, 2023, Laws stole two packages at FedEx, one contained a Radical Firearms .223/556 caliber rifle originating from an FFL in Texas and the other contained a Mossberg 12-gauge shotgun originating from an FFL in Louisiana. Video surveillance captured Laws throw packages, containing the stolen firearms, over the facility's fence to the defendant who was posted on the side of the fence. The defendant then left with the stolen packages.

On May 12, 2023, the defendant possessed a Radical Firearms rifle while at his home in Philadelphia. He also sent Laws an image of this rifle with a visible serial number seen as 23-034593. Investigators identified this rifle as one of the two firearms stolen by Laws and the defendant on May 11, 2023. The capture time of this image was May 12, 2023, at 8:05 a.m. Laws texted in response, "Was the clip in plastic." Rosa texted, "Yea." Laws replied, "Definitely the same jawn the box felt smaller" "Radical firearms." Rosa texted, "Lol yea." Laws texted, "Same jawn." Rosa replied, "Nigga lost it an ordered it again lol."

On May 20, 2023, Laws stole packages at FedEx. One package contained a G Force Arms 12-gauge shotgun originating from an FFL in Minnesota. Video surveillance captured

Laws throw packages, one containing the stolen firearm, over the facility's fence to the defendant who was posted on the side of the fence. The defendant then left with the stolen packages.

FedEx cooperate security discovered the thefts and referred the incidents to Tinicum Township Police Department and ATF. The ATF initiated an investigation and ultimately charged and arrested the defendant, Kyon Kyree Laws, and Nasir Quan Christburgh for their respective roles in the firearms theft ring. The firearms were shipped to and intended delivery to various businesses in Delaware County, Pennsylvania. The firearms have not been recovered or returned to these businesses. FedEx suffered a loss in the amount of $4,539.67, which represents the value of the firearms as reported by the FFL shippers.

II.    **SENTENCING CALCULATION**

    A.    **Statutory Maximum Sentence.**

The maximum sentence that may be imposed on the defendant is a term of imprisonment of 55 years, a term of supervised release of three years, a fine of $1,250,000, and a special assessment of $500.

    B.    **Sentencing Guidelines Calculation.**

The Probation Office correctly calculated the defendant's advisory guideline range as follows: Counts One, Two, Five, Six, and Seven are grouped, pursuant to USSG §3D1.2(d), as the offense behavior was ongoing or continuous in nature and the offense level was affected by the total number of firearms. PSR ¶ 28. The PSR applied a base offense level of 14 pursuant to USSG § 2K2.1(a)(6)(A). PSR ¶ 29. The PSR applied a two-level increase because the defendant stole a total of four firearms pursuant to USSG § 2K2.1(b)(1)(A). PSR ¶ 30. The PSR applied a two-level increase because the firearm was stolen pursuant to USSG § 2K2.1(b)(4)(A). PSR ¶ 31. The

PSR applied a total of a three-level reduction for acceptance of responsibility, resulting in a total offense level is 15. PSR ¶¶ 37-39.

The PSR correctly applied eight criminal history points. PSR ¶¶ 45-46. The defendant's criminal history category is therefore IV. PSR ¶ 47. The guideline range for an offense level of 15 and a criminal history category of IV is 30 to 37 months' imprisonment. PSR ¶ 91.

## III.    ANALYSIS

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh v. United States*, 569 U.S. 530, 542 (2013) (quoting *Freeman v. United States*, 564 U.S. 522, 529 (2011) (plurality opinion); ellipsis in original). "Common sense indicates that in general, this system will steer district courts to more within-Guidelines sentences." *Peugh*, 569 U.S. at 543. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id.* at 544.

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to

avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

###    A.    Consideration of the 3553(a) Factors Regarding Imprisonment.

The defendant engaged in serious offenses. As a convicted felon, he was prohibited from possessing a firearm. He not only did so but was engaging in conspiracy with others to steal firearms from major global shipping company as well as the intended customers – lawful gun purchasers. The defendant is well aware of his prohibited status as reflected in his criminal history of prior convictions – including a state conviction for the same conduct as in this case.

The defendant is 32 years old and has two children, aged 3 and 13 – both of whom appear to be adequately cared for primarily by their respective mothers. PSR ¶¶ 54, 59-60. He is a high school graduate with some college. PSR ¶¶ 75-76. The PSR did not note any childhood trauma or mental health issues. According to the defendant's U.S. Pretrial Services Officer, the defendant has been "less than fully compliant" with the terms of his release and has been inconsistent in reporting to his pretrial services officer, providing work and school schedules as required, and appearing for drug testing. PSR ¶ 7. However, his employment record details a somewhat consistent work history and he is presently employed. PSR ¶¶ 7, 78-83. During the presentence investigation interview, the defendant expressed remorse stating he was "regretful," he was "raised better," and "knew better." PSR ¶ 25. The defendant noted that he has changed his use of marijuana and "created boundaries" with people whom he associates and avoids environments and people that are negative influences. PSR ¶ 25, 74. This all may suggest that the defendant has the capacity for rehabilitation should he choose to pursue a law-abiding life. However, on November 18, 2025, the defendant was reportedly injured in a shooting while in his vehicle in

West Philadelphia – though he believes he was in the wrong place at the wrong time when this occurred. PSR ¶ 66.

On December 15, 2016, the defendant pled guilty to firearms not to be carried without a license and was sentenced to three years of probation, and he violated his court supervision twice in 2019 and in 2021. PSR ¶ 41. On June 6, 2021, the defendant pled guilty again to firearms not to be carried without license and possession of firearm prohibited and was sentenced to 11½ to 23 months of imprisonment, followed by three years of probation; a violation of probation hearing is pending the outcome of this instant case. PSR ¶ 43. According to PSR, the defendant's county probation officer communicated that the defendant has been non-compliant with his reporting instructions and has failed to report on a bi-weekly basis as required since May of 2025, adding that the defendant "deliberately disregards the rules and regulations of his probation." *Id.*

The defendant was also subject to the conditions of a Montgomery County Court of Common Pleas Final Protection from Abuse Order (PFA) issued on December 13, 2022. *See* No. 2022-18598. Under the terms of the PFA, the court prohibited the defendant from possessing or acquiring any firearms for the three-year duration of the Order. The defendant clearly disregarded this condition by his admission to the facts in this case. The defendant also violated this order by contacting the protected person and was held in contempt in September 2024. PSR ¶ 44.

The defendant's crime falls squarely within the class of cases to which the applicable guidelines are addressed, and thus consideration of the nature of the offense and history and characteristics of the defendant, § 3553(a)(1), counsels in favor of the guideline sentence. Further, the defendant's history supports the need for meaningful incarceration. He has been

convicted of firearm offenses on multiple occasions and has spent much of his adult life under court supervision.

The defendant engaged in a serious offense with an awareness that some of the firearms he stole from a seemingly secure shipping facility were, in turn, thrown into a vulnerable community where gun violence persists. There is a great need to impose a term of imprisonment within the sentencing guidelines "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2).

The sentence the Court imposes should provide both specific and general deterrence to criminal conduct. The defendant's actions in this case warrant an appropriate sentence to prevent him, and deter others, from committing further crimes. Therefore, the need to provide for deterrence and to protect the public is great. The defendant took great efforts to steal multiple firearms knowing it was wrong; it is certainly the government's hope that a sentence within the guidelines should suffice deter the defendant from committing crimes when released. § 3553(a)(3).

There is no need in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." § 3553(a)(4). In addition, adherence to the recommended guideline range assures that the defendant's sentence is consistent with those imposed nationwide on similarly situated offenders, and thus complying with Section 3553(a)(6) and avoiding undue disparity. Further, restitution should be ordered in the amount of the stolen firearms as noted at the change of plea hearing in the amount of $3,639.67. § 3553(a)(7).

At the same time, the defendant has not set forth any persuasive argument for leniency.

He argues that this Court should sentence below the guideline range on the basis of his work prospects from his newly attained CDL license as well as his ownership in a cleaning company. Those facts, however, while commendable, do not warrant a reduced sentence. The defendant must be held responsible for his own actions, and he has proven as an adult to be a continual threat to public safety while he engages in crimes with firearms. Accordingly, as explained above, all the appropriate considerations of sentencing, such as the nature of the offense and the character of the offender, call for incarceration in order to protect society from his otherwise persistent criminal conduct and to deter him from the same repeated conduct.

The defendant also asserts that his responsibility to care for his family calls for a reduced sentence. While this Court has authority to consider family circumstances as a basis for a reduced sentence, the facts do not warrant such leniency. Unfortunately, inconvenience and even harm to a criminal defendant's family are normal results of a criminal act, and ordinarily do not warrant leniency. The defendant was aware of the risk he took when engaging in this crime. The Commission's judgment is sound. Such leniency should not be afforded here, given the defendant's offenses, the need for the Court to avoid disparate sentences for like offenders, and the fact that the defendant's family has the means to maintain itself in his absence.

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition in this case of a within-guideline sentence. As noted, the Sentencing Guidelines present "the lodestone of sentencing," *Peugh*, 569 U.S. at 544, and that guide is once again persuasive in this case.

## B.      **Supervised Release**.

Pursuant to Sections 5D1.1 and 5D1.2 of the Sentencing Guidelines, as amended effective November 1, 2025, the Court is directed to conduct an "individualized assessment"

when deciding whether to impose a term of supervised release, and if supervised release is imposed, how long the term should be. The Court is further directed to state in open court its reasons for imposing or not imposing a term of supervised release, and its reasons for the length of a term imposed. Further, Section 5D1.3 sets forth mandatory conditions of a term of supervised release, and "discretionary conditions" that the Court may impose, following the same individualized assessment.

The guideline commentary, consistent with 18 U.S.C. § 3583(c), provides that the "individualized assessment" should rest on consideration of the same sentencing factors under 18 U.S.C. § 3553(a) that are considered with respect to a term of imprisonment, with the exception of Sections 3553(a)(2)(A) (the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and 3553(a)(3) ("the kinds of sentences available"), which do not apply with regard to supervised release decisions.

In this case, a term of supervised release of at least three years is warranted. As explained above, the defendant presents a record of the same repeated criminal conduct involving firearms. Close supervision following release from imprisonment is warranted to aid his reentry to society and to protect the public. A term of supervised release in this case advances the goals of sentencing to deter criminal conduct, § 3553(a)(2)(B), protect the public, § 3553(a)(2)(C), assure that the defendant continues to pursue education and vocational efforts that promote rehabilitation, § 3553(a)(2)(D), and pays restitution to victims, § 3553(a)(7). Further, the Sentencing Commission recognizes that "the more serious the defendant's criminal history, the greater the need for supervised release." § 5D1.1 app. note 2. The Commission adds: "In a case in which a defendant sentenced to imprisonment is an abuser of controlled substances or alcohol,

- 10 -

it is highly recommended that a term of supervised release also be imposed." § 5D1.1 app. note 3. This assessment also supports imposition of all of the mandatory and standard conditions of supervised release listed in Section 5D1.3.

## IV.   CONCLUSION

The defendant is before the Court having made the choice to steal firearms that were shipped to legitimate businesses for sale to lawful customers. Moreover, the defendant is a prohibited individual and none of the firearms, to date, have been recovered by law enforcement. The defendant is deserving of a sentence that reflects the seriousness of the offense, his continuous disregard for the law, and the harm that he has caused the community as a whole. Therefore, all the appropriate considerations of sentencing favor the imposition of a guideline sentence.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s Sandra M. Urban*
SANDRA M. URBAN
Special Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this Sentencing Memorandum has been served on the Filing User

identified below through the Electronic Case Filing (ECF) system:

Lawrence J. Bozzelli, Esquire
211 N. 13th Street, Suite 701
Philadelphia, PA 19107
*Counsel for defendant Hernando Cortez Manuel Rosa*

*/s Sandra M. Urban*
SANDRA M. URBAN
Special Assistant United States Attorney

DATED:  <u>April 1, 2026.</u>